UNITED STATES DEPARTMENT OF LABOR
OFFICE OF ADMINISTRATIVE LAW JUDGES

| | |
|---|---|
| In the Matter of:<br><br>**ACTING ADMINISTRATOR,<br>WAGE AND HOUR DIVISION,<br>UNITED STATES DEPARTMENT<br>OF LABOR,**<br>       *Plaintiff,*<br>v.<br><br>**MARIN J. CORP.,**<br><br>       *Respondent.* | WHD Case No. 1859091<br><br>**SETTLEMENT AGREEMENT** |

## SETTLEMENT AGREEMENT AND CONSENT FINDINGS

**WHEREAS**, the Plaintiff, **ACTING ADMINISTRATOR**, Wage and Hour Division, United States Department of Labor ("Administrator") issued a Notice of Determination of Wages Owed, Assessing Civil Money Penalties, dated January 20, 2021 ("Notice of Determination"), alleging violations of the H-2A provisions of the Immigration and Nationality Act of 1952, as amended by the Immigration Act of 1990, the Miscellaneous and Technical Immigration and Naturalization Amendments of 1991, and the American Competitiveness and Workforce Improvement Act of 1998 ("ACWIA") (Title IV of Pub. L. 105-277, Oct. 21, 1998; 112 Stat. 2681) found at 8 U.S.C. § 1101, *et seq.*; ("INA") and 8 U.S.C. §§ 1101(a)(15)(H)(ii)(a); and

**WHEREAS**, Respondent **MARIN J. CORP.** ("Respondent"), contested the Administrator's Notice of Determination; and

**WHEREAS**, the Parties have reached a settlement of all issues in these proceedings related to the issuance of a Notice of Determination regarding Respondent's petition for and employment of H-2A workers;

1

**NOW THEREFORE**, Respondent and the Administrator agree and stipulate, pursuant to 29 C.F.R. § 18.9, to the approval of this Settlement Agreement ("Settlement Agreement"). The Parties have agreed to resolve this matter in accordance with the terms and conditions of this Settlement Agreement.

The Parties hereby waive any further procedural steps before the Office of Administrative Law Judges and the Administrative Review Board, and further waive any right to challenge or contest the validity of this Settlement Agreement and Order entered in accordance with this Agreement with respect to Respondent's liability arising out of these proceedings. All allegations of violations in the Notice of Determination to Respondent shall be deemed fully resolved by this Settlement Agreement with regard to the individuals listed in **Exhibit A**. This Settlement Agreement shall become final and effective immediately upon execution by the Parties.

1. These proceedings arise under the INA and 8 U.S.C. §§ 1101(a)(15)(H)(ii)(a). Jurisdiction over these proceedings is vested in the Office of Administrative Law Judges by INA § 212(n), 8 U.S.C. § 1182(n), and 20 C.F.R. Part 655.800, *et seq.* with respect to Respondent's Request for Hearing involving alleged violations of the provisions of § 1182(n) of the INA. The Office of Administrative Law Judges shall retain jurisdiction to reinstate these proceedings without prejudice in the event of a breach of this Settlement Agreement.

2. The issues resolved by this Settlement Agreement were identified during an investigation conducted by the Wage and Hour Division ("WHD") with respect to Respondent's petition for and employment of H-2A workers for the period of June 15, 2018, through October 20, 2018.

3. On January 20, 2021, the Administrator's representative issued a Notice of Determination to Respondent detailing the Administrator's findings regarding alleged INA violations.

4. On February 8, 2021, within the time period provided by 20 C.F.R. 655.820, Respondent filed a Request for Hearing contesting the findings contained in the Notice of Determination.

5. Respondent agrees to comply with the provisions of the INA and the applicable H-2A Regulations in the future with respect to Respondent's petitions for and employment of H-2A workers.

6. The Administrator hereby amends the civil money penalties ("CMPs") to $75,000.00 for the alleged H-2A violations.

7. Respondent hereby withdraws its exception to the H-2A assessed CMPs, as amended, withdraws its Request for Hearing, and agrees to pay H-2A Back Wages of **$165,805.38**, Hand CMPs in the amount of **$75,000.00**, for a total of **$240,805.38**.

8. Respondent shall pay the above amounts to the Administrator via the payment portal available at https://pay.gov/public/form/start/77692637, and including Investigation Reference Number 1859091 in the field labeled "BW Case Number," in accordance with the dates and amounts identified herein, make two (2) "Back Wage" payments, as well as six (6) "CMP" payments:

| Payment No. | Date Due | Amount Due | Interest Due | Total Due |
|---|---|---|---|---|
| 1 | On Execution | $82,902.69 | $0.00 | $82,902.69 |
| 2 | 07/01/2022 | $82,902.69 | $0.00 | $82,902.69 |
|  | Totals | $165,805.38 | $0.00 | $165,805.38 |

3

| Payment No. | Date Due | Amount Due | Interest Due | Total Due |
|---|---|---|---|---|
| 1 | 08/01/2022 | $12,500.00 | $0.00 | $12,500.00 |
| 2 | 09/01/2022 | $12,500.00 | $0.00 | $12,500.00 |
| 3 | 10/01/2022 | $12,500.00 | $0.00 | $12,500.00 |
| 4 | 11/01/2022 | $12,500.00 | $0.00 | $12,500.00 |
| 5 | 12/01/2022 | $12,500.00 | $0.00 | $12,500.00 |
| 6 | 01/01/2023 | $12,500.00 | $0.00 | $12,500.00 |
|  | Totals | $75,000.00 | $0.00 | $75,000.00 |

9. The Department of Labor ("DOL") shall distribute the proceeds of the Back Wage payments (less legal deductions for each employee's share of social security and federal withholding taxes for the Back Wage amounts) to the persons enumerated in **Exhibit A**, or to their estates, if that be necessary, and any amounts not so paid within a period of three (3) years from the date of receipt thereof shall be converted into the Treasury of the United States as miscellaneous receipts.

10. The Administrator and Respondent agree the violations referenced in the Notice of Determination, as amended, are affirmed.

11. Respondent, its officers, agents, servants, employees, assigns, and all persons in active concert or participation with them shall not request, solicit, suggest, or coerce, directly or indirectly, any employee to return or to offer in return to Respondent or to someone else for Respondent, any money in the form of cash, check or any other form, for wages previously due or to become due in the future to said employee under the provisions of this Settlement Agreement or the INA.

12. Respondent, its officers, agents, servants, employees, assigns, and all persons in active concert or participation with them shall not accept, or receive from any employee, either directly or indirectly, any money in the form of cash, check, or any other form, for wages

heretofore or hereafter paid to said employee under the provisions of the *Settlement Agreement* or the INA.

13.     Respondent, its officers, agents, servants, employees, assigns, and all persons in active concert or participation with them shall not intimidate, threaten, restrain, coerce, blacklist, discharge, or in any other manner discriminate against, nor solicit or encourage anyone else to discriminate against, any employee because, in whole or in part, such employee has received or retained money due to them from Respondent under the provisions of this *Settlement Agreement* or the INA. **It shall be a violation of this Settlement Agreement to intimidate, threaten, restrain, coerce, blacklist, discharge, or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to INA Section 214(c), 8. U.S.C. § 1184(c),** or any regulation promulgated thereunder, has cooperated in any Department of Labor investigation, or has testified or is about to testify in any such proceeding.

14.     This Settlement Agreement resolves all issues raised in WHD Case No. 1859091, for the periods identified in Paragraph 2 of this Settlement Agreement. Respondent further agrees to comply with the provisions of the INA and all applicable regulations in the future with respect to Respondent's petitions for and employment of H-2A and domestic workers.

15.     Each Party agrees to bear its own costs, attorneys' fees, and other expenses incurred by each such Party in connection with any stage of these proceedings to dates, with no costs, including but not limited to, all costs referenced under the Equal Access to Justice Act, as amended.

********** **REST OF PAGE INTENTIONALLY LEFT BLANK** **********

**AGREED TO THIS ___ DAY OF FEBRUARY, 2022**

| | |
|---|---|
| **SEEMA NANDA**<br>Solicitor of Labor<br><br>**CHRISTINE Z. HERI**<br>Regional Solicitor<br><br>**EVERT H. VAN WIJK**<br>Associate Regional Solicitor | _____<br>**BOYCE N. RICHARDSON**<br>Attorney<br><br>OFFICE OF THE SOLICITOR<br>U.S. DEPARTMENT OF LABOR<br>2300 Main Street | Suite 1020<br>Kansas City, MO 64108<br>(816) 285-7270 (Direct)<br>(816) 285-7287 (Fax)<br>*Richardson.Boyce.N@dol.gov*<br><br>*Attorneys for the Administrator* |

**AGREED TO THIS ___ DAY OF FEBRUARY, 2022**

On behalf of **RESPONDENT, MARIN J. CORP.**

The undersigned represents they have the authority to sign this *Settlement Agreement* on behalf of the Respondent named above and hereby consents to its terms and conditions.

_____

BY: _____

ITS: _____

**APPROVED AS TO FORM:**


_____

**JACOB AUERBACH**
Partner

GALLUP AUERBACH
4000 Hollywood Blvd. | Suite 265 South
Hollywood, FL 33021
(954) 894-3035
*jauerbach@gallup-law.com*

*Attorney for Respondent*

6

## Exhibit A

| Worker Name | Worker Type | H-2A Back Wages |
|---|---|---|
| Alejo-Bautista, Jovani | H2A | $2,093.52 |
| Arenas-Carrillo, Isaid | H2A | $1,959.32 |
| Ayala-Gonzalez, David | H2A | $2,247.85 |
| Badillo-Mejia, Juan | H2A | $1,448.16 |
| Bautista-Fernandez, Silvano | H2A | $2,357.28 |
| Becerra-Rivera, Victor Alfonso | H2A | $2,993.49 |
| Benitiz-Carrillo, Luis Alberto | H2A | $2,993.49 |
| Bustos-Solano, Alfredo | H2A | $1,959.32 |
| Campa-Flores, Jesus | H2A | $2,281.40 |
| Cruz-Pascuala, Juan Antonio | H2A | $2,993.49 |
| Escorro-Ramirez, Francisco | H2A | $979.66 |
| Escorzo-Romero, Francisco | H2A | $403.43 |
| Fernandez-Acosta, Susana | H2A | $2,993.49 |
| Flores-Gomez, Pablo | H2A | $2,281.40 |
| Flores-Rios, Samuel | H2A | $424.57 |
| Flores-Sierra, Efran | H2A | $2,993.49 |
| Flores-Velazquez, Efrain | H2A | $2,120.36 |
| Garcia-Hernandex, Cirilo | H2A | $2,993.49 |
| Garcia-Licona, Jesus | H2A | $1,959/32 |
| Garcia-Osorio, Fermin | H2A | $2,093.52 |
| Garcia-Valderama, Luis Alberto | H2A | $2,993.49 |
| Gavino-Ramirez, Isais | H2A | $424.57 |
| Gomez-Solano, Joel | H2A | $2,281.40 |
| Gonzalez-Arredondo, Edgar | H2A | $1,383.09 |
| Guzman-Palacios, Fabian | H2A | $2,093.52 |
| Henriquez-Prado, Jose | H2A | $1,862.25 |
| Hernandez-Alonzo, Javier | H2A | $2,993.49 |
| Hernandez-Hernandez, Domingo | H2A | $2,120.39 |
| Hernandez-Hernandez, Erik | H2A | $1,959.32 |
| Hernandez-Hernandez, Francisco | H2A | $2,093.52 |
| Hernandez-Hernandez, Octavio | H2A | $2,993.49 |
| Hernandez-Hernandez-Selerino | H2A | $2,938.98 |
| Hernandez-Otero, Leonardo | H2A | $1,383.09 |
| Hernandez-Palacios, Mariana | H2A | $2,993.49 |
| Jimenez-Solis, Candido | H2A | $2,993.49 |
| Landoverde-Garcia, Adiel | H2A | $2,008.98 |
| Lopez-Bazan, Ismael | H2A | $1,383.09 |
| Lopez-Sierra, Isaid | H2A | $1,362.13 |
| Maldonado-Gomez, Said Uriel | H2A | $1,959.32 |
| Maldonado-Pelcastre, Melania | H2A | $2,093.52 |
| Malerva-Salas, Esteban | H2A | $2,008.98 |
| Marin, Jr., Roberto | H2A | $979.66 |

| Martinez-Acosta, Fernando | H2A | $1,959.32 |
|---|---|---|
| Martinez-Lopez, Efrain | H2A | $1,383.09 |
| Melo-Ortiz, Rey David | H2A | $2,147.20 |
| Molina-Bautista, Juan Ignacio | H2A | $2,388.39 |
| Montiel-Autento, Israel | H2A | $2,993.49 |
| Montier-Marin, Griselda | H2A | $2,993.49 |
| Morales-Ramirez, Uriel | H2A | $1,542.93 |
| Morones-Angeles, Alfredo | H2A | $1,542.93 |
| Morones-Angeles, Evodio | H2A | $1,542.94 |
| Olguin-Lopez, Gustavo | H2A | $3,557.13 |
| Pelcastre-Carrillo, Celso | H2A | $1,952.61 |
| Pelcastre-Perez, Cecilio | H2A | $1,542.93 |
| Pelcaster-Portillo, Jaime | H2A | $1,542.93 |
| Pelcastre-Portillo, Omar | H2A | $1,805.21 |
| Pelcastre-Roque, Catalino | H2A | $424.57 |
| Pelcastre-Roque, Joaquin | H2A | $1,368.69 |
| Penafiel-Badillo, Esteban | H2A | $1,959.32 |
| Penafiel-Pelcastre, Evaristo | H2A | $424.57 |
| Penafiel-Sanchez, Luiz Rey | H2A | $1,959.32 |
| Percastre-Roque, Jose Martin | H2A | $1,448.16 |
| Perez-Hernandez, Cristian | H2A | $1,368.69 |
| Perez-Pazaran, Moises | H2A | $1,671.11 |
| Portillo-Olvera, Javier | H2A | $1,671.11 |
| Portillo-Percaste, Luis | H2A | $1,690.77 |
| Ramirez-Benitez, Francisco | H2A | $2,993.69 |
| Ramirez-Esar, Hector | H2A | $2,993.49 |
| Romero-Garcia, Miriam | H2A | $403.43 |
| Romera-Garcia, Mirian | H2A | $1,959.32 |
| Roque-Hernandez, Gerardo | H2A | $424.57 |
| Ruiz-Vargas, Benjamin | H2A | $1,383.09 |
| Salas-Hernandez, Andres | H2A | $1,408.07 |
| Salas-Malerva, Rafael | H2A | $2,008.98 |
| Sierra-Perez, Francisco | H2A | $1,610.31 |
| Sierra-Perez, Israel | H2A | $1,620.42 |
| Tellez-Perez, Daniel | H2A | $424.57 |
| Trejo-Perez, Noel | H2A | $1,408.07 |
| Vargas-Villegas, Johnathan | H2A | $2,993.49 |
| Velasquez-Yanez, Oscar | H2A | $2,993.49 |
| Velazco-Penafiel, Adiel | H2A | $1,448.16 |
| Velasquez-Hernandez, Martin | H2A | $1,448.16 |
| Velasquez-Villagra, Ivan | H2A | $1,542.93 |
| Yanez-Licona, Jose Luis | H2A | $2,993.49 |
| Yanez-Ramirez, Jose Guadalupe | H2A | $2,993.49 |
| | | |
| Total | | **$165,805.39** |

## SETTLEMENT AGREEMENT,
## RELEASE OF CLAIMS, AND COVENANT NOT TO SUE

This Settlement Agreement, Release of Claims, and Covenant Not to Sue ("Agreement") is made by and between GUSTAVO CORTEZ-ROMERO, LUIS GERARDO ALVAREZ-ALONSO, NOE BADILLO-FLORES, SABINO CAMPUZANO-DOMINGA, ROMAN CAMPUZANO-SOLANO, ADAN CASTRO-GUERRERO, MIGUEL ANGEL CERECEDO-RODRIGUEZ, DIEGO CRUZ-CRUZ, QUIRINO EUGENIO-LUGO, LEOBARDO GONZALEZ-OLVERA, ALFREDO LUGO-GARCIA, FIDENCIO MARTINEZ-GREGORIO, OSCAR MERIDA-GODINEZ, MIGUEL ANGEL MORALES-TELLEZ, SILVINO RAMIREZ-JIMENEZ, EDUARDO RODRIGUEZ-CRUZ, CASIMIRO RODRIGUEZ-ESCOBAR, BERNARDO SANTIAGO-ZARAGOZA, BONIFACIO VILLEGAS-CERECEDO, and EDUARDO YAÑEZ-YAÑEZ, (collectively, "Plaintiffs"), and MARIN J. CORP. and JORGE J. MARIN ("Defendants"). Plaintiffs and Defendants are collectively referred to hereinafter as the "Parties."

**WHEREAS,** Plaintiffs have asserted claims in a complaint filed in the United States District Court for the Southern District of Florida, *Gustavo Cortez-Romero, et.al. v. Marin J. Corp and Jorge J. Marin*, Case No. 2:20-cv-14058, ("the Lawsuit"), including claims under the Fair Labor Standards Act, the Trafficking Victims Protection Reauthorization Act, and their H-2A employment contracts;

**WHEREAS,** the Parties reached a mutual agreement to settle all claims and resolve finally and forever all differences between them as set forth herein; and

**WHEREAS,** as stated above the Parties desire to compromise, settle, fully release, and discharge any and all claims and allegations in the Lawsuit and arising out of their 2018 employment with Defendants' agricultural labor crew, excluding only any claims arising under

workers' compensation laws.

**NOW, THEREFORE**, in consideration of the mutual promises, covenants, and agreements set forth below, the adequacy and sufficiency of which are hereby acknowledged, the Parties hereby agree as follows:

1. **Settlement.** Following execution of this Agreement and as specified below, Defendants shall pay the entire mediator's fee and shall further pay to Plaintiffs the total sum of One Hundred Forty-Five Thousand Dollars ($145,000.00) ("Settlement Payment"), together with the other consideration contained herein, as full and final settlement of Plaintiffs' claims as alleged in the Lawsuit and arising out of their employment by Defendants in 2018, excluding only claims, if any, arising under workers' compensation laws. All payments to Plaintiffs will be made by checks made payable to Legal Aid of Western Missouri as follows:

    a. One (1) payment of $45,000.00 by September 1, 2020;

    b. Ten (10) monthly payments of $10,000.00 each month beginning October 1, 2020 with the final payment made by July 1, 2021.

2. **Allocation of Settlement Payments Among Claims.** Of the $145,000.00 total Settlement Payment to be paid to Plaintiffs pursuant to Paragraph 1, the Parties agree that the Settlement Payment will be allocated as follows:

| Plaintiff | Settlement Proceeds |
|---|---|
| **GUSTAVO CORTEZ-ROMERO** | 5550.48 |
| **LUIS GERARDO ALVAREZ-ALONSO** | 2110.23 |
| **NOE BADILLO-FLORES,** | 514.66 |
| **SABINO CAMPUZANO-DOMINGA** | 9246.27 |
| **ROMAN CAMPUZANO-SOLANO** | 8667.76 |

| ADAN CASTRO-GUERRERO | 7322.63 |
| --- | --- |
| MIGUEL ANGEL CERECEDO-RODRIGUEZ | 5239.01 |
| DIEGO CRUZ-CRUZ | 9615.47 |
| QUIRINO EUGENIO-LUGO | 9566.91 |
| LEOBARDO GONZALEZ-OLVERA | 2791.68 |
| ALFREDO LUGO-GARCIA | 7729.29 |
| FIDENCIO MARTINEZ-GREGORIO | 9220.63 |
| OSCAR MERIDA-GODINEZ | 8263.77 |
| MIGUEL ANGEL MORALES-TELLEZ | 8510.23 |
| SILVINO RAMIREZ-JIMENEZ | 4580.39 |
| EDUARDO RODRIGUEZ-CRUZ | 7319.10 |
| CASIMIRO RODRIGUEZ-ESCOBAR | 7558.38 |
| BERNARDO SANTIAGO-ZARAGOZA | 8824.70 |
| BONIFACIO VILLEGAS-CERECEDO | 8813.85 |
| EDUARDO YAÑEZ-YAÑEZ | 8554.56 |

The Parties agree that having sought and obtained advice of counsel of their choice as set forth below and after informal presentation to such counsel of records of hours worked and payments, the amounts shown above constitute full, fair, and complete payment of all allegedly unpaid wages and other damages due to Plaintiffs, including minimum wages and overtime alleged to be due under the Fair Labor Standards Act, considering disputed facts, with regard to their employment with Defendants during 2018. As referenced above, these figures are derived from contemporaneous notes maintained by Plaintiffs and an analysis of Defendants' payroll records.

The parties understand that Defendants dispute Plaintiffs' claims of previously unpaid wages, and they are agreed that Plaintiffs withdraw and now and hereafter assert no claim for liquidated damages. The remaining moneys due to be paid to Plaintiffs are in satisfaction of Plaintiffs' other claims arising out of their employment with Defendants in this action, including claims for alleged breach of contract and for alleged violations of the Trafficking Victims Protection Reauthorization Act and all other federal and state laws, regulations, common law principles, and bases upon which they might assert claims.

3. **Taxes.** The monetary amounts set out in Paragraphs 1 and 2 shall be paid in full as provided in this Agreement. The Parties agree that they shall bear their own responsibility for any tax-related obligations that may arise from the Settlement Payment.

4. **Payment of Settlement Proceeds.** Defendants shall transmit the Settlement Payments described in Paragraphs 1 directly to Plaintiffs' counsel, Julie M. Larson, Esq. of Legal Aid of Western Missouri, Inc. as specified in paragraph 1 subject to and following Court approval of the Agreement. Defendants will be responsible for and bear any costs associated with ensuring that the Settlement Payments to each of the Plaintiffs is completed successfully.

5. **Costs and Attorney's Fees.** The Parties agree to bear their own respective costs and attorney's fees, except as otherwise provided for in this Agreement.

6. **Default and Opportunity to Cure** In the event that Defendants fail to make any payment as provided in paragraph 1, Plaintiffs' counsel will provide to Defendants' counsel, Dana M. Gallup, Esq., by e-mail a Notice of Default. Defendants will have an opportunity to cure the default by making the payment due within five (5) days of receipt of the Notice of Default. If Defendants fail to cure the default as provided herein, Plaintiffs will be entitled to a default

judgment in the amount of $200,000.00, less payments received upon a showing to the Court of evidence as to the default.

7. **Provision of Social Security Cards.** Defendants will provide, contemporaneous with the first payment to Plaintiffs, letters received from the Social Security Administration containing social security cards and numbers for the following Plaintiffs: Gustavo Cortez-Romero, Sabino Campuzano-Dominga, Roman Campuzano-Solano, Oscar Merida-Godinez, Bonifacio Villegas-Cerecedo, and Eduardo Yañez-Yañez.

8. **Full and Final Release of Claims Against Defendants.** As set forth in this Agreement, as consideration for Defendants' performance of all the actions set forth herein, Plaintiffs, for themselves and for their personal representatives, heirs, successors, and assigns, if any, fully, completely, irrevocably, and unconditionally release and forever discharge Defendants from any and all claims arising out of their employment with Defendants in 2018, including all claims alleged in the Lawsuit, excluding only claims arising under workers' compensation laws, if any. The parties agree to file a Stipulation of Dismissal with Prejudice of the Lawsuit, with each party to bear their own attorney's fees and costs, and the Court retaining jurisdiction to enforce the terms of this Agreement.

9. **Bankruptcy Filing.** Defendants agree that they will not file for protection under the bankruptcy laws within 90 days of any payment to Plaintiffs of the amounts set forth in Paragraphs 1. By executing this Agreement, Defendants affirmatively represents to Plaintiffs that they have or will be able to obtain sufficient funds to pay the Settlement Payments set forth in Paragraph 1, and Defendants acknowledge that, in entering into this Agreement, Plaintiffs are relying on Defendants' agreement as provided for herein not to file for bankruptcy protection and

on their representation that they have or will obtain sufficient funds to pay said Settlement Payment as required by Paragraphs 1.

10. **Non-Encouragement of Claims**. Plaintiffs agree that they will not encourage or incite any person, including but not limited to, any current or former employees of the Defendants to assert any complaint or claim in federal or state court or with any federal or state agency against Defendants with respect to any matter included in this litigation. This shall not preclude Plaintiffs from providing information to federal agencies with respect to applications for immigration relief. Plaintiffs acknowledge that any encouragement or incitement of others to file such claims would constitute a material breach of this Agreement.

11. **Notices.** Any notice or other communication required hereunder shall be given in writing by e-mail and addressed as set forth below.

    a. In the case of notice to Defendants, to both:

Dana M. Gallup
Email: dgallup@gallup-law.com

Jacob K. Auerbach
Email: jauerbach@gallup-law.com

4000 Hollywood Boulevard, Suite 265 South
Hollywood, Florida 33021
Telephone:    (954) 894-3035

b.    In the case of notice to Plaintiffs, to both:

Gregory S. Schell
Email: gschell@trla.org
Southern Migrant Legal Services
311 Plus Park Boulevard, Suite 135
Nashville, Tennessee 37217
Telephone: (615) 538-0725

Julie M. Larson
E-mail: jlarson@lawmo.org
Legal Aid of Western Missouri

4001 Blue Parkway, Suite 300
Kansas City, Missouri 64130
Telephone: (816) 474-1413

12. **Offer of Compromise.** The Parties agree that this Agreement is made in the interest of anticipating and fully and forever compromising, settling, and resolving claims asserted by Plaintiffs given disputed facts. Nothing contained in this Agreement shall constitute any acknowledgment or admission of liability by any Party. The Parties agree that this Agreement is tendered with the intent to compromise and settle the claims as described herein between the Parties.

13. **Choice of Law.** This Agreement shall be governed by the laws of the State of Florida and the United States of America and shall bind the Parties thereto and their respective heirs, estates, successors, assigns, attorneys, and representatives, and all other persons or entities in privy with them.

14. **Severability.** The provisions of this Agreement are severable, and if any part thereof is found to be invalid or unenforceable, the Parties shall use their best efforts to substitute a valid, legal, and enforceable provision that, insofar as practicable, implements the purposes of this Agreement. Any failure to enforce any provision of this Agreement shall not constitute a waiver thereof, or of any other provision, so long as the purpose of this Agreement to resolve all claims, except claims under the workers' compensation law, if any, by all Plaintiffs against Defendants is achieved. The other provisions shall remain valid and enforceable notwithstanding any invalidity, illegality, unenforceability, or failure to enforce any provision.

15. **Acknowledgement.** Prior to the execution of this Agreement as provided herein, the Parties acknowledge that they have read this Agreement, or, if the Plaintiff does not speak English, that he has had this Agreement translated to him into Spanish and has had the opportunity

to consult with his attorneys regarding the terms and conditions herein. The Parties further acknowledge that, voluntarily, without coercion, duress, or undue influence, they sign this Agreement or have expressly authorized and directed their counsel to execute this Agreement on their behalf, with the intent to be bound by it.

16. **Entire Agreement**. This Agreement constitutes the full agreement and entire understanding between the Parties. It supersedes any and all prior agreements or understandings between the Parties. This Agreement may be modified only by a written agreement signed by an authorized representative of Plaintiffs and a duly authorized representative of Defendants.

17. **Authorization.** The undersigned counsel for Plaintiffs affirms that he or she has express authority to bind Plaintiffs and to enter into this Agreement on behalf of Plaintiffs.

The undersigned have executed this agreement as follows:

_____  
JULIE M. LARSON  
On Behalf of Plaintiffs

Date of Execution: _____

_____  
Jorge Marin Gomez (Aug 12, 2020 10:18 CDT)  
JORGE J. MARIN, individually  
and on behalf of MARIN J. CORP.

Date of Execution: Aug 12, 2020